**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSSETTS**

_____

| | | |
|---|---|---|
| RISHI VAS KURRA, | ) | |
| | ) | CIVIL ACTION NO.: |
|     Plaintiff, | ) | IN THE SUPERIOR COURT |
| | ) | MIDDLESEX COUNTY |
| | ) | COMMONWEALTH OF |
| | ) | MASSACHUSETTS |
| | ) | CIVIL ACTION NO. 1581-cv-06166 |
|     v. | ) | |
| | ) | |
| SYNERGY COMPUTER SOLUTIONS, INC., | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

_____

## NOTICE OF REMOVAL

TO:    United States District Court for the District Of Massachusetts

       Middlesex County Superior Court in the Commonwealth Of Massachusetts

       Joshua A. McGuire, Esq.
       The Law Office of Josh McGuire
       51 Winchester Street, Suite 205
       Newton, MA 02461
       josh@joshmcguirelaw.com

PLEASE TAKE NOTICE that Defendant, Synergy Computer Solutions, Inc. ("Synergy" or "Defendant"), by its attorneys Gelb and Gelb LLP, pursuant to 28 USC §1441 and §1446, hereby removes the above-captioned action from the Superior Court of the Commonwealth of Massachusetts for Middlesex County to the United States District Court for the District of Massachusetts ("the Middlesex Superior Court").   In support of this Notice of Removal, Synergy states as follows:

## I.   PRELIMINARY STATEMENT

1.     Plaintiff Rishi Vas Kurra ("Kurra" or "Plaintiff") filed a Complaint for Declaratory Judgment ("Complaint") on or about October 30, 2015 in the Massachusetts Superior Court captioned *Rishi Vas Kurra v. Synergy Computer Solutions, Inc.,* Civil Action No. 1581-cv-06166, a copy of which is attached hereto as ***Exhibit A***.  Synergy's counsel accepted service of the Complaint on October 30, 2015.

2.     The basis for removal of this action from the Middlesex Superior Court is diversity of citizenship.  As discussed below, this Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds the sum of $75,000.  *See* 28 U.S.C. § 1332(a)(1).

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY OF CITIZENSHIP JURISDICTION.

3.     According to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

4.     The federal removal statute provides that "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### A.   Diversity of Citizenship is Satisfied.

5.     The Complaint alleges that Plaintiff is an individual residing in the Commonwealth of Massachusetts.  Compl., at ¶ 1.

6.     Synergy is a citizen of the State of Michigan and has its principal pace of business and main office at 30700 Telegraph Road, Suite 2615, Bingham Farms, MI.  *See* 28 U.S.C. §

1348; *see also Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); Compl., at ¶ 2.  For

purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441, a corporation is a citizen of a state by which

it has been incorporated and of a state where it has its principal place of business.  28 U.S.C. §

1332(c).

7.       Because Plaintiff and Defendant are citizens of different states, the diversity

requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

**B.**       **Amount in Controversy is Satisfied.**

8.       Pursuant to 28 U.S.C. § 1332(a), in order to have diversity jurisdiction over a

matter, the amount in controversy must exceed the sum or value of $75,000.

9.       Plaintiff's Complaint seeks relief in the form of declaratory judgment concerning

the facts and circumstances of Plaintiff's non-competition agreement with Synergy (the "Non-

Compete Agreement").  *See* Compl. at ¶¶ 25-35.

10.      The impact of any declaratory judgment which would deem the Non-Compete

Agreement unenforceable would have an economic impact in excess of $75,000.  Synergy has

counterclaims it will assert against Plaintiff for breach of the Non-Compete Agreement and his

wrongful conduct which includes tortious interference with Synergy's contractual and

advantageous business relationships.  The amount of damages for the foregoing claims is *at least*

$140,000.00 as supported by *Declaration of Sridhar Guduguntla*, a copy of which is attached

hereto as ***Exhibit B***.

**C.**       **Notice of Removal is Appropriate.**

11.      Pursuant to 28 U.S.C. § 1446(b)(1), this cause of action was timely removed

because the Notice of Removal was filed within 30 days of the receipt of the Complaint by

Synergy.

12.     The Middlesex Superior Court where Plaintiff's Complaint was filed is located within the District of Massachusetts, and therefore, the Notice of Removal is in accordance with 28 U.S.C. § 1441(a).

13.     Written notice of this Notice of Removal is promptly being filed with the Clerk of the Middlesex Superior Court and is being served on all counsel of record, in accordance with 28 U.S.C. § 1446(d).

14.     In filing this Notice of Removal, Defendant reserves all objections based on lack of personal jurisdiction, improper forum selection[1], and all other defenses available in this action.

15.     Synergy hereby reserves its right to assert any and all defenses to Plaintiff's Complaint.

III.    **CONCLUSION**

WHEREFORE, Defendant Synergy Computer Solutions, Inc. respectfully removes this action from the Middlesex Superior Court to the United States District Court for the District of Massachusetts.

---

[1] Plaintiff and Defendant entered into a valid non-competition agreement whereby Plaintiff agreed "that all actions arising directly or indirectly out of this Agreement shall be litigated only in the United States District Court for the Eastern District of Michigan, Southern Division, or the Oakland County, Michigan Circuit Court, and Employee hereby irrevocably consents to the personal jurisdiction and venue of those courts." Therefore, Defendant maintains that this case was improperly filed in the Commonwealth of Massachusetts, and respectfully reserves its right to move to transfer the case pursuant to the terms of the Agreement.

Respectfully submitted,

**DEFENDANT SYNERGY COMPUTER
SOLUTIONS, INC.**

By its attorneys,

Dated:  November 25, 2015

/s/ Richard M. Gelb
Richard M. Gelb (BBO# 188240)
rgelb@gelbgelb.com
Daniel K. Gelb (BBO# 659703)
dgelb@gelbgelb.com
Janet E. Taylor (BBO# 665646)
jtaylor@gelbgelb.com
**GELB & GELB LLP**
84 State Street
Boston, MA 02109
Telephone: (617) 345-0010
Facsimile: (617) 345-0009

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as nonregistered participants on November 25,

2015 as follows:

Joshua A. McGuire, Esq.
The Law Office of Josh McGuire
51 Winchester Street, Suite 205
Newton, MA 02461
josh@joshmcguirelaw.com

/s/ Richard M. Gelb
Richard M. Gelb