IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| RISHI VAS KURRA, <br><br> Plaintiff, <br><br> v. <br><br> SYNERGY COMPUTER SOLUTIONS, INC., <br><br> Defendant. | CIVIL ACTION NO.: 1:15-cv 13952-ADB |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(3) AND REQUEST FOR A HEARING**

Defendant Synergy Computer Solutions, Inc. ("Synergy"), by its attorneys, respectfully submits this memorandum in support of *Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3) and Request for a Hearing* ("Rule 12(b)(3) Motion"). For the reasons set forth below, Synergy requests that this Honorable Court enter an order pursuant to Fed.R.Civ.P. 12(b)(3) dismissing *Complaint for Declaratory Relief* ("Complaint") in the above-captioned action on the grounds that the proper forum is the United States District Court for the Eastern District of Michigan, Southern Division ("E.D. Mich.").

**I.
FACTS RELEVANT TO RULE 12(b)(3) MOTION**

Plaintiff Rishi Vas Kurra's ("Kurra") Complaint, a copy of which is attached hereto as *Exhibit 1* for the Court's convenience, seeks a declaratory judgment with respect to the *Non-Competition, Invention, Reimbursement and Confidentiality Agreement* ("the Agreement") which Synergy and he executed. (Complaint, ¶ 9). A copy of *Declaration of Sridhar Guduguntla* ("the Declaration") is attached hereto as *Exhibit 2* for the Court's convenience. The Agreement is

1

attached as Exhibit B to the Declaration. Subsection K ("Miscellaneous") of the Agreement provides in pertinent part as follows:

> Employee agrees that all actions arising directly or indirectly out of this Agreement shall be litigated only in the United States District Court for the Eastern District of Michigan, Southern, Division, or the Oakland County, Michigan Circuit Court, and the Employee hereby irrevocably consents to the personal jurisdiction and venue of those courts.[1]

Kurra is contractually bound to the above forum selection provision which Synergy respectfully submits this Honorable Court should honor and enforce. Therefore, the Rule 12(b)(3) Motion should be allowed or the action transferred to E.D. Mich. if it is denied.

## II.
## ARGUMENT

Dismissal of the Complaint is warranted pursuant to 28 U.S.C. Section 1406 which empowers a Court to dismiss a lawsuit or transfer a lawsuit when it is brought in an improper venue. See 28 U.S.C. § 1406. Additionally, pursuant to 28 U.S.C. Section 1404(a), this Court may transfer this case to E.D. Mich. because it is the venue to which all parties consented. See 28 U.S.C. § 1404(b). Therefore, because he did not file this litigation in the venue to which the parties are contractually bound, Kurra's Complaint should be dismissed, or in the alternative, transferred to E.D. Mich.

Indeed, "[f]ederal courts have long enforced forum selection clauses as a matter of federal common law." *Oscomp Sys. v. Bakken Express LLC*, 930 F. Supp. 2d 261, 268 (D. Mass. 2013) citing *Lambert v. Kysar*, 983 F.2d 1110, 1116 (1st Cir. 1993). A forum selection clause in a contract should not be set aside unless there is a *strong showing* to the effect that enforcement would be unreasonable or unjust, or that the agreement was a product of fraud or overreaching.

---

[1] Synergy removed the action to this Honorable Court, and it seeks to have the action transferred to E.D. Mich. in the event the Rule 12(b)(3) Motion is denied.

See *International Inv. & Equine Consultants, Inc. v Jebrock*, 573 F Supp. 592 (W.D. Penn. 1983).

In *Oscomp, supra* at 268 quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972), the court held as follows:

> Accordingly, under federal law, forum selection clauses such as the dispute resolution provision at issue in this case 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'[2]

Finally, whether Massachusetts as opposed to Michigan would be more convenient for Kurra is not a relevant factor for consideration because the forum selection clause in the Agreement disposes of this issue.[3] See *D'Antuono v CCH Computax Systems, Inc.* 570 F.Supp. 708 (D.C. RI 1983)("By consenting to inclusion of forum designation in agreements, party in effect subordinates his convenience to bargain.") and *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989) (a forum selection clause operates to waive a party's right to assert its own inconvenience as reason to transfer case).

## III.
## CONCLUSION

For the foregoing reasons, Synergy respectfully submits that its Rule 12(b)(3) Motion be allowed; and, if denied, the above-captioned action be transferred to United States District Court for the Eastern District of Michigan.

---

[2] See also *Melia v. Zenhire, Inc.*, 462 Mass. 164 (2012).

[3] Synergy respectfully submits that if this Honorable Court were to deny the Rule 12(c) Motion—which it should not—then the record is sufficient to support transferring the action to E.D. Mich. However, if the Court were to conclude that a fuller record is necessary, Synergy would file a motion to transfer on the grounds of *forum non conveniens* in order to demonstrate that Michigan is the preferable and most reasonable place to adjudicate this dispute. Synergy would, *inter alia*, address the following facts: (1) Kurra was hired by Synergy's Michigan employees located in its Michigan office; (2) Kurra performed services in Michigan on behalf of Synergy; (3) all of Synergy's records and witnesses are in Michigan; (4) other than Kurra, all of the witnesses regarding the transactions and occurrences at issue are located in Michigan; (5) the Agreement provides that it shall be construed in accordance with Michigan law; and (6) Michigan is the venue which is most impacted by a determination as to the enforceability of the Agreement because Synergy operates and is headquartered in Michigan; and, for this reason, the Agreement provides for Michigan as the forum selected by the parties.

3

## REQUEST FOR A HEARING

Defendant Synergy Computer Solutions, Inc. respectfully requests a hearing on *Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3)*.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Richard M. Gelb, certify that counsel for both parties conferred on December 2, 2015 at 10:30 a.m. in a reasonable and good faith effort to resolve or narrow the areas of disagreement contained within *Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3) and Request for a Hearing.*

/s/ Richard M. Gelb
Richard M. Gelb

Respectfully submitted,

**DEFENDANT SYNERGY COMPUTER SOLUTIONS, INC.**

By its attorneys,

Dated: December 2, 2015

/s/ Richard M. Gelb
Richard M. Gelb (BBO# 188240)
rgelb@gelbgelb.com
Daniel K. Gelb (BBO# 659703)
dgelb@gelbgelb.com
Janet E. Taylor (BBO# 665646)
jtaylor@gelbgelb.com
**GELB & GELB LLP**
84 State Street
Boston, MA 02109
Telephone: (617) 345-0010
Facsimile: (617) 345-0009

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on December 2, 2015 as follows:

Joshua A. McGuire, Esq.
The Law Office of Josh McGuire
51 Winchester Street, Suite 205
Newton, MA 02461
josh@joshmcguirelaw.com

/s/ Richard M. Gelb
Richard M. Gelb