IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| RISHI VAS KURRA, ) | CIVIL ACTION NO.: 1:15-cv 13952-ADB |
| Plaintiff, ) | |
| v. ) | **LEAVE TO FILE GRANTED** <br> **ON DECEMBER 23, 2015** |
| SYNERGY COMPUTER SOLUTIONS, INC., ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS[1]**

Defendant Synergy Computer Solutions, Inc. ("Synergy"), by its attorneys, respectfully submits its reply to *Opposition to Defendant's Motion to Dismiss* ("the Opposition").

## I.
## INTRODUCTION

The Rule 12(b)(3) Motion is based on the forum selection provision which is provided for in Section K of *Non-Competition, Invention, Reimbursement and Confidentiality Agreement*, dated March 16, 2015 (the "March 16, 2015 Non-Compete Agreement"), a copy of which is attached as **Exhibit B** to *Declaration of Sridhar Guduguntla*. (No. 5) The Rule 12(b)(3) Motion requests that this Honorable Court enter an order dismissing *Complaint for Declaratory Relief* ("the Complaint") in the above-captioned action on the grounds that the proper forum is the United States District Court for the Eastern District of Michigan, Southern Division ("E.D. Mich."). In the event the Rule 12(b)(3) Motion were denied, Synergy requests that an order enter transferring this action to E.D. Mich.

---

[1] Synergy in *Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3)* ("Rule 12(b)(3) Motion") (No. 4) included a *Request for a Hearing*.

## II.
## BASES OF THE OPPOSITION

In the Opposition, plaintiff Rishi Vas Kurra's ("Kurra") advances the following arguments: (1) he signed the Non-Compete Agreement under duress; and, (2) the Synergy *Employee Handbook* ("the Handbook")—a copy of which is attached as ***Exhibit C*** to *Affidavit of Rishi Vas Kurra* ("Kurra Aff.") (No. 6)—is a contract which supersedes the Non-Compete Agreement.[2]

## III.
## ARGUMENT

Kurra's house of cards is built on the false premise that he arrived in the United States from India on ***February 16, 2015*** and ***first became aware*** of the Non-Compete Agreement at issue when Synergy presented it to him on *March 16, 2015*.  See Kurra Aff., ¶¶ 9 and 10.  In fact, Kurra ***initialed each page of and signed*** a mirror image of the Non-Compete Agreement on *January 23, 2014* (the "January 23, 2014 Non-Compete Agreement").  See ***Exhibit A*** to *Supplemental Declaration of Sridhar Guduguntla* which is attached hereto as ***Exhibit 1***.  Indeed, both the January 23, 2014 Non-Compete Agreement and March 16, 2015 Non-Compete Agreement contains the following identical language regarding forum selection:  "Employee agrees that all actions arising directly or indirectly out of this Agreement shall be litigated only in the United States District Court for the Eastern District of Michigan, Southern, Division, or the Oakland County, Michigan Circuit Court, and the Employee hereby irrevocably consents to the personal jurisdiction and venue of those courts."  Therefore, Kurra's assertion of being surprised in 2015 is not credible, and his arguments of duress and coercion fail.  Kurra had over a year to

---

[2] Kurra also refers to a *Service Contract* and *Application Reimbursement Agreement*. However, neither document is material to the Rule 12(b)(3) Motion because the Non-Competition Agreement governs the protection of Synergy's goodwill and confidential information of Synergy, not agreements which Kurra entered into in India with an affiliate of Synergy. See numbered paragraph 3 of *Affidavit of Rishi Vas Kurra* ("Kurra Aff."). (No. 6)

consider the Agreement before signing it—once again—when he started his assignment in March 2015.

Kurra's argument that the Handbook is the operative agreement is also misplaced. First, the Acknowledgement and Agreement signed by Kurra in connection with receipt of the Handbook clearly states: *"**The language that appears in the handbook is not intended to create, nor is it intended to constitute, a contract between any or all of its employees**."* (Emphasis added.) Second, the Handbook states that: "It describes the various **benefits** for which you, as an employee, are eligible and discusses those programs and policies that affect your job." (Emphasis added.) Third, the Non-Compete Agreement on page 1, Section A ("At-will Status") states: "Moreover, employee acknowledges and agrees that he/she is bound by all terms, conditions, policies and rules in Synergy's Employee Handbook." Clearly, the Handbook *supplements* the Non-Compete Agreement rather than *replaces* the Non-Compete Agreement. See *Baladevon, Inc. v. Abbott Laboratories, Inc.*, 871 F.Supp. 89, 99 (1994)(contracts should be given a construction that will make them rational business documents and effectuate the intent of the parties."). Notably, one would expect that the Handbook does not include a forum selection provision because the purpose of the Handbook is to educate Synergy's employees with respect to those topics set listed in the Table of Contents; Employment Policies; Compensation Practices; Benefit Program; Leave of Absence Policies; Termination of Employment; Standard Business Practices; Standards of Professional Conduct; and Standards of Business Conduct. The Non-Compete Agreement—which incorporates the Handbook by reference—includes the forum selection provision. Clearly, the Non-Compete Agreement and the Handbook must be read in conjunction with each other; and, to have only one of the two documents survive independently

would defeat Synergy's business purpose for incorporating the Handbook into the Non-Compete Agreement.

Finally, the Kurra Aff., ¶ 25 states that he informed Synergy that he was resigning on *October 5, 2015* which is approximately *seven (7) months* after he signed the Non-Compete Agreement. See Kurra Aff., ¶ 12. In *Cabot Corp. v. AVX Corp.*, 448 Mass. 629, 642-43 (2007), the Massachusetts Supreme Judicial Court held as follows:

- A contract that is voidable for duress may be ratified and affirmed;

- A party claiming duress must disclaim the contract about which he is complaining promptly or be held to have forfeited his right to do so which protects the stability and reliability of such agreements by denying the weaker party the 'heads I win, tails you lose' option of waiting to see how the arrangement works out and then deciding whether to undo it; and

- Under this rule, shortly after the execution of a contract, the rights and duties under it become free of the doubt engendered by possible assertions of duress.

The Court in *Cabot Corp.* further held that:

> "A party may ratify an agreement entered into under duress in a number of different ways: 'first, by intentionally accepting benefits under the contract; second, by remaining silent or acquiescing in the contract for a period of time after he has the opportunity to avoid it; and third, by recognizing its validity ... by acting upon it, performing under it, or by affirmatively acknowledging it.' (Citations omitted)."

The Complaint, Opposition and Kurra Aff. clearly evidence that despite receiving compensation from Synergy, Kurra sought greener pastures elsewhere, and in so doing breaching—and then attempting to avoid—the Non-Compete Agreement would best serve his self-interest. This is not a basis for establishing that the reason Kurra signed the Non-Compete Agreement was because he was under duress.

Finally, as the U.S. Supreme Court held in *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, 134 S.Ct. 568, 580 (2013): "…

a forum-selection clause [should] be 'given controlling weight in all but the most exceptional cases.'"

## IV.
## CONCLUSION

For the foregoing reasons, Synergy respectfully submits that its Rule 12(b)(3) Motion be allowed and the Complaint dismissed; and, in the alternative, that the above-captioned action be transferred to United States District Court for the Eastern District of Michigan.

Respectfully submitted,

**DEFENDANT SYNERGY COMPUTER SOLUTIONS, INC.**

By its attorneys,

Dated:  December 23, 2015	/s/ Richard M. Gelb
Richard M. Gelb (BBO# 188240)
rgelb@gelbgelb.com
Daniel K. Gelb (BBO# 659703)
dgelb@gelbgelb.com
Janet E. Taylor (BBO# 665646)
jtaylor@gelbgelb.com
**GELB & GELB LLP**
84 State Street
Boston, MA 02109
Telephone: (617) 345-0010
Facsimile: (617) 345-0009

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on December 23, 2015 as follows:

Joshua A. McGuire, Esq.
The Law Office of Josh McGuire
51 Winchester Street, Suite 205
Newton, MA 02461
josh@joshmcguirelaw.com

/s/ Richard M. Gelb
Richard M. Gelb